UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PINE TREE VILLA, LLC,
doing business as REGIS WOODS                                    PLAINTIFF


v.                                          CIVIL ACTION NO. 3:15-CV-00815-CRS


DOROTHY COULTER                                                 DEFENDANT

### MEMORANDUM OPINION

Plaintiff Pine Tree Villa, LCC, ("Pine Tree") petitioned this Court to compel Defendant

Dorothy Coulter to arbitrate her state law claims currently pending in Jefferson Circuit Court and

to enjoin Coulter from pursuing her state action. Coulter now moves this Court to dismiss Pine

Tree's petition for jurisdictional defects or for failure to state a cause of action for which this

Court can provide relief. The Court will deny Coulter's motion.

### BACKGROUND

On October 9, 2000, Coulter signed a power of attorney agreement granting her daughter,

Violet Rayburn, authority as attorney-in-fact in particular circumstances. Power of Attorney

Agreement, ECF No. 7-2. On March 21, 2008, Pine Tree admitted Coulter as a resident of its

facility. At that time, Rayburn signed an arbitration agreement purporting to bind claims between

Coulter and Pine Tree to arbitration.

On October 18, 2014, Coulter fell at Pine Tree's facility and suffered physical injuries.

Coulter filed suit against Pine Tree and other organizations in Jefferson Circuit Court relating to

these injuries.

<u>**DISCUSSION**</u>

Coulter argues that this Court should dismiss the claims against her on two grounds: (1) Pine Tree lacks jurisdiction in this Court under Kentucky law; and (2) Pine Tree has failed to state a claim for which this Court can offer relief.

## I. <u>Subject Matter Jurisdiction</u>

Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally come in two varieties. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A factual attack occurs when the defendant challenges the factual existence of subject matter. On the other hand, as here, a facial attack on jurisdiction questions the pleading's sufficiency. *Id.* The Court finds the pleading sufficiently shows the Court has subject matter jurisdiction over this matter.

Coulter argues that the relevant arbitration agreement fails to satisfy the Kentucky Supreme Court's opinion in *Ally Cat, LLC v. Chauvin*, 274 S.W. 3d 451 (Ky. 2009) and the Kentucky Uniform Arbitration Act. Neither of these authorities impacts this Court's jurisdiction in this matter.

In *Ally Cat*, the Commonwealth's highest court held that under the Kentucky Uniform Arbitration Act:

> [s]ubject matter to enforce an agreement to arbitrate is conferred upon a Kentucky court only if the agreement provides for arbitration in this state. Thus, an agreement to arbitrate which fails to include the required provision for arbitration within this state is unenforceable in Kentucky courts.

*Id.* at 455. In that case, however, the Kentucky Uniform Arbitration Act governed the arbitration clause. *Id.* Here, the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., governs arbitration. *See* Arbitration Agreement § C(5), ECF No. 1 ("The Parties … stipulate that the Federal Arbitration Act ("FAA") shall apply to this Agreement, and shall preempt any inconsistent State law."). Indeed, the Kentucky Supreme Court has consistently held that when an agreement explicitly requires the Federal Arbitration Act to govern disputes, courts do not need to consider Kentucky's Uniform Arbitration Act. *See, e.g.*, *Hathaway v. Eckerle*, 336 S.W.3d 83, 87 – 88 (Ky. 2011); *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682, 687 (Ky. 2010).

Under the Federal Arbitration Act,

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction where the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Pine Tree claims – and Coulter does not dispute – that the parties are completely diverse and that the amount in controversy exceeds $75,000. *See Pet.* ¶¶ 1 – 7, ECF No. 1. Therefore, this Court has subject matter jurisdiction over this action under Section 1332(a).

The Court will deny Coulter's motion to dismiss Pine Tree's claims for lack of jurisdiction.

II. <u>Sufficiency of the Stated Claim</u>

Coulter argues that the Court should dismiss Pine Tree's petition under Fed. R. Civ. P. 12(b)(6) because the underlying arbitration agreement is invalid. Def.'s Mem. Supp. Mot. Dismiss 3 – 10, ECF No. 7-1. This argument lacks merit.

Under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) (quoting *Twombly*, 550 U.S. at 555).

Coulter argues that Rayburn lacked authority under the power of attorney agreement to bind Coulter to arbitration. The Court disagrees. Coulter primarily relies on two Kentucky Supreme Court cases – *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012) and *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky. 2015). In *Ping*, the Commonwealth's highest court held that the authority a power of attorney agreement creates must "generally … be express." 376 S.W.3d at 592. Furthermore, "[a]bsent authorization in the power of attorney to settle claims and disputes or some such express authorization addressing dispute resolution, authority to make such a waiver is not to be inferred lightly." *Id.* at 593.

4

The Court reads the power of attorney agreement to give Rayburn explicit authority to enter into an arbitration agreement on Coulter's behalf. The power of attorney agreement authorizes Rayburn "to conduct matters of the following stipulations, to the extent that is permitted by law." ECF No. 7-2. These matters include "[c]laims and litigation" as well as "[a]ll other legal matters." *Id.* Rayburn's authority, therefore, extended to conducting claims and litigation involving Coulter. The authority to *conduct* claims and litigation necessarily includes the authority to determine how to conduct those claims and litigation. Here, Rayburn decided to conduct any claims or litigation that may arise in certain instances between Coulter and Pine Tree through arbitration.

*Whisman* does not alter this conclusion. In *Whisman*, the Kentucky Supreme Court examined three power of attorney agreements and found that they did not grant authority to enter into arbitration agreements. 478 S.W.3d at 312. That court found that a power of attorney agreement must explicitly authorize an attorney-in-fact to enter into an arbitration agreement, therefore waiving the right to trial by a jury. *Id.* at 332. *Whisman*, however, is inapplicable to this case because the power of attorney here authorizes Rayburn to conduct claims on behalf of Coulter.[1] In *Whisman*, the power of attorney agreements included general language that did not mention power over the conducting of claims. The Court finds that Rayburn had authority under the power of attorney to enter into the arbitration clause.

---

[1] Regardless of *Whisman*'s application, this Court joins its sibling courts in this district in noting that *Whisman* is inconsistent with federal law. *See Preferred Care of Delaware, Inc. v. Crocker*, No. 5:15-CV-177-TBR, (W.D. Ky. Mar. 25, 2016); *GGNSC Louisville Hillcreek, LLC v. Watkins*, No. 3:15-CV-902-DJH (W.D. Ky. Feb. 29, 2016). Justice Abramson's dissenting opinion is more consistent with federal law. As she noted, "the United States Supreme Court has made absolutely clear, what state law cannot do directly—disfavor arbitration—it also cannot do indirectly by favoring arbitration's correlative opposite, a judicial trial. Since that is the express purpose of the rule the majority pronounces and since the application of that rule will clearly have a disproportionate effect on the ability of agents to enter arbitration agreements (as opposed to other contracts), the majority's new rule is plainly invalid." *Whisman*, 478 S.W.3d at 354.

The Court will deny Coulter's motion to dismiss for failure to state a claim for which the Court can grant relief.

**C<span style="font-size:smaller">ONCLUSION</span>**

The Court will deny Coulter's motion to dismiss.

The Court will enter a separate order in accordance with this opinion.

May 25, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**