UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PINE TREE VILLA, LLC, d/b/a/ REGIS WOODS                              PLAINTIFF

v.                                            CIVIL ACTION NO. 3:15-cv-00815-CRS-CHL

DOROTHY COULTER                                                        DEFENDANT

Memorandum Opinion

I.   Introduction

This matter is before the Court on the motion of the plaintiff, Pine Tree Villa, LLC, d/b/a Regis Woods ("Pine Tree"), to enjoin the state court proceedings asserted against it in the Jefferson County, Kentucky Circuit Court, Case No. 15-CI-004820, and to enforce the arbitration agreement at issue herein. For the reasons below, the Court will grant the motion.

II.  Background

As noted in the Court's earlier opinion in this case, ECF No. 18, Dorothy Coulter signed a power of attorney agreement ("POA") on October 9, 2000, granting her daughter, Violet Rayburn, authority as attorney-in-fact to act on her behalf in particular circumstances. POA, ECF No. 7-2. On March 21, 2008, Pine Tree admitted Coulter as a resident of its facility. At that time, Rayburn signed an Arbitration Agreement, ECF No. 1-2, which purported to bind any claims arising between Coulter and Pine Tree to arbitration.

On October 18, 2014, Coulter fell at Pine Tree's facility and suffered physical injuries. In September 2015, Coulter filed suit against Pine Tree and other organizations in the Jefferson County Circuit Court relating to these injuries. Thereafter, Pine Tree filed a petition in this Court to compel arbitration of Coulter's claims pending in the Jefferson County Circuit Court. Pine Tree's Petition, ECF No. 1.

1

In an earlier opinion, this Court denied Coulter's motion to dismiss the federal action. The Court held that the POA gave Rayburn the explicit authority to enter into an arbitration agreement on Coulter's behalf. The Court found that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, applies in this case and that the rule recently announced by the Supreme Court of Kentucky in *Extended Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky. 2015) did not alter the decision.

The *Whisman* majority ruled that a POA may bind the principal to arbitration only when it contains specific authorization that the attorney-in-fact may do so. The Kentucky court declared that "an attorney-in-fact may not waive his principal's fundamental constitutional rights absent an explicit power to do so." *Id*. at 330. More general authority to contract given to the attorney-in-fact will not do. *Id*. Among the rights that the Supreme Court of Kentucky held to be sacrosanct was the right to trial in a civil case. *Id*. at 328.

This Court joined in the position taken in numerous decisions from the Eastern and Western Districts of Kentucky on this issue, that Justice Abramson's dissent in *Whisman* is more consistent with federal law. Justice Abramson noted, "The United States Supreme Court has made absolutely clear, what state law cannot do directly—disfavor arbitration—it also cannot do indirectly by favoring arbitration's correlative opposite, a judicial trial. Since that is the express purpose of the rule the majority pronounces and since the application of that rule will clearly have a disproportionate effect on the ability of agents to enter arbitration agreements (as opposed to other contracts), the majority's rule is plainly invalid." *Whisman*, 478 S.W.3d at 354. Thus, the rule established in *Whisman* "is inconsonant with, and is therefore preempted by, the federal law." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 688 (1996).

III.  Discussion

Pine Tree now moves to compel Coulter to arbitrate and to enjoin her from pursuing her claims asserted against Pine Tree in the Jefferson County Circuit Court. Mot. Enforce Arbitration 1, ECF No. 21. Pine Tree asserts that the FAA governs this matter because the Arbitration Agreement involves interstate commerce and that the FAA mandates enforcement of the agreement. Pine Tree's Mem. Supp. Mot. Enforce Arbitration 3–6, ECF No. 21-1. Pine Tree also contends that Kentucky law recognizes the enforcement of arbitration agreements signed upon admission to a long term care facility. *Id*. at 6–7.

In response, Coulter argues that "[n]othing in the arbitration agreement" requires her to arbitrate her claims against the other defendants she named in the state court action, Genesis Healthcare Corporation ("Genesis") and HCRI Kentucky Properties, LLC ("HCRI"). Coulter's Resp. Mot. Enforce Arbitration 1, ECF No. 26-1. She maintains that the Court thus "cannot enjoin proceedings in the state court action." *Id*. Coulter also reasserts her arguments from her motion to dismiss that this Court rejected in its earlier opinion, including that Rayburn did not have actual, implied, or apparent authority to agree to arbitration or to waive Coulter's rights and that the agreement is void under *Ally Cat, LLC v. Chauvin*, 274 S.W.3d 451 (Ky. 2009). *Id*. at 2–10.

This Court already determined that the FAA applies in this case because Coulter and Pine Tree agreed that it would apply to any disputes arising under the Arbitration Agreement. May 25, 2016 Mem. Op. 3, ECF No. 18; Arbitration Agreement § C(5), ECF No. 1. The Court also determined that, because the parties agreed to apply the FAA, the Kentucky Uniform Arbitration need not be considered. May 25, 2016 Mem. Op. 3, ECF No. 18.

> The FAA states:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. Further, an arbitration clause "in a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When deciding whether to compel arbitration, the Court must (1) "determine whether the parties agreed to arbitrate," (2) "determine the scope of the agreement," (3) "if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitratable," and (4) "if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Here, Coulter and Pine Tree agreed to arbitrate. As noted in the Court's earlier opinion, "Rayburn decided to conduct any claims or litigation that may arise in certain instances between Coulter and Pine Tree through arbitration," an authority that the POA gave her. May 25, 2016 Mem. Op. 5, ECF No. 18.

The scope of the Arbitration Agreement includes the claims asserted by Coulter's Jefferson County Circuit Court complaint against Pine Tree. The Arbitration Agreement states that all claims arising out of the residency must be arbitrated:

> Any and all claims or controversies arising out of or *in any way* relating to this Agreement, the Admission Agreement or any of the Resident's stays at this Facility, or any facility operated by any subsidiary of Sun Healthcare Group, Inc., whether or not related to medical malpractice, including but not limited to

> disputes regarding the making, execution, validity, enforceability, voidability, unconscionability, severability, scope, interpretation, preemption, waiver, or any other defense to enforceability of this Agreement or the Admission Agreement, whether arising out of State or Federal law, whether existing now or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort, or breach of statutory duties (including, without limitation except as indicated, any claim based on Residents' Rights or a claim for unpaid facility charges), regardless of the basis for the duty or of the legal theories upon, which the claim is asserted, shall be submitted to binding arbitration.

Arbitration Agreement 1, ECF No. 1-2 (emphasis in original). As explained in the Court's earlier opinion, Coulter's claims against Pine Tree arise out of injuries she suffered while at its facility. May 25, 2016 Mem. Op. 1, ECF No. 18. Coulter's claims against Pine Tree are accordingly subject to arbitration.

The complaint does not assert any federal statutory claims, and all of the claims against Pine Tree are subject to arbitration. Therefore, the Court will grant Pine Tree's motion to enjoin the state court proceedings pending against it and to enforce the arbitration agreement at issue.[1]

V. Conclusion

The Court will grant the motion to enjoin the state court proceedings that are pending against Pine Tree in the Jefferson County Circuit Court, Case No. 15-CI-004820, and will enforce the Arbitration Agreement, ECF No. 1-2. The Court will enter an order in accordance with this opinion.

October 3, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[1] The Court will not enjoin the state court proceedings pending against Genesis and HCRI. Pine Tree did not move to compel arbitration of the claims against these two other entities named in the complaint. See Mot. Enforce Arbitration 1, ECF No. 21 ("Plaintiff further moves this Court to enjoin Defendant from pursuing the claims asserted against Plaintiff in the Jefferson Circuit Court, Case No. 15-CI-004820, or in any forum other than arbitration."). The first time that Plaintiff asserts that all claims should be arbitrated, including those pending against Genesis and HCRI, is in its reply. Pine Tree's Reply 3, ECF No. 29.